IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL RALPH CONROY,        )
                             )
        Petitioner,          )
                             )
vs.                          )    Case No.  CIV-13-1318-M
                             )
JIM FARRIS, WARDEN,          )
Lexington Correctional Center, )
                             )
        Respondent.          )

## REPORT AND RECOMMENDATION

Petitioner, appearing through counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Chief United States District Court Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent has filed a response, Doc. 15, and the trial transcripts (TR). For the reasons set forth below, the undersigned recommends that the Court deny habeas relief.

I.   Introduction.

In Logan County, Oklahoma, Case No. CF-2004-240, the State alleged that Petitioner committed multiple crimes in August 2004. TR Vol. 1, at 24-25. The jury convicted Petitioner, and on direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions but remanded the case for re-sentencing. Doc. 15, Ex. 3, at 1-2. Petitioner's second jury ultimately

recommended enhanced sentences based on two prior felony convictions. Doc. 1, at 2, 4-5.[1] The OCCA denied Petitioner's subsequent direct appeal of the resentencing, Doc. 15, Ex. 3. Petitioner then unsuccessfully sought post-conviction relief, *Id.* at Ex. 4, and the OCCA affirmed on appeal. *Id.* at Ex. 5.

## II. Petitioner's claims.

Petitioner's overriding argument is that his prior felonies were too stale to be used to enhance his sentences. Doc. 1, at 4-5, 11-13.[2] Petitioner also blames his trial counsel for failing to object to the State's use of stale prior felonies, and believes that appellate counsel was ineffective for failing to challenge trial counsel's error on direct appeal. *Id.* at 5-11.

---

[1] Citations to the parties' briefs and exhibits refer to this Court's CM/ECF pagination.

[2] The court could read the petition as challenging either both prior convictions as stale, or just the Texas conviction. *Compare* Doc. 1, at 4-6 (referring to the alleged stale convictions in the plural), *with id.* at 11-13 (focusing only on the Texas conviction's alleged staleness). Because he is not appearing pro se, Petitioner's petition is not entitled to liberal interpretation. For purposes of a comprehensive evaluation of Petitioner's claim, the undersigned charitably construes it to challenge both prior convictions as stale.

### III. Standard of review for habeas relief.

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011); *see also Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013). A petitioner is entitled to federal habeas relief only if that merits-based adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d). This standard "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal." *Harrington*, 131 S. Ct. at 786.

This Court first determines "whether the principle of federal law on which the petitioner's claim is based was clearly established by the Supreme Court at the time of the state court judgment." *Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006); *see also Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012).

Clearly established law consists of Supreme Court holdings in cases where the facts are similar to the facts in the petitioner's case. *See House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If clearly established federal law exists, this Court then considers whether the state court decision was contrary to or an unreasonable application of that clearly established federal law. *See Bland*, 459 F.3d at 1009. "A decision is 'contrary to' clearly established federal law . . . if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts . . . materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from the result reached by the Supreme Court." *Id.* (quotations omitted) (alterations in original). "As a condition for obtaining federal habeas relief, . . . a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

If the state appellate court has not addressed the merits of a claim, the Court exercises its independent judgment. *See Littlejohn v. Trammell*, 704 F.3d 817, 825 (10th Cir. 2013) ("For federal habeas claims not adjudicated on

4

the merits in state-court proceedings, we exercise our 'independent judgment[.]'" (citation omitted). In such a situation, the petitioner must show a constitutional violation by a preponderance of the evidence. *See Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (per curiam); *see also Sa'Ra v. Raemisch*, 536 F. App'x 783, 787-88 (10th Cir. 2013) ("Our independent judgment is affected by allocation of the underlying burden of persuasion. That burden falls on the Petitioner, who must show a constitutional violation by a preponderance of the evidence.").

IV. **Analysis.**

   A. **Petitioner's claim that his prior felonies were too stale to be used for enhancement purposes.**

The State used two prior felony convictions to enhance Petitioner's sentences: (1) assault to murder with malice aforethought, Case No. 184-560, from Harris County, Texas; and (2) lewd molestation and lewd or indecent proposals or acts with a child, Case No. CRF-86-226, from Stephens County, Oklahoma. TR Vol. 1, at 26-27. Petitioner discharged Case No. 184-560 in

1982, Doc. 15, Ex. 4, at Ex. B, and Case No. CRF-86-226 in 1995.[3]

In his overriding argument, Petitioner alleges that these two convictions were too stale to be used to enhance his sentences. The OCCA rejected this argument on appeal, finding that enhancement was proper under Oklahoma law. Doc. 15, at Ex. 5, at 7-8.

### 1. Clearly established law.

Alone, the "'OCCA's application or misapplication of the state's sentence enhancement statute is a matter of state law that is not cognizable in a habeas proceeding.'" *Dority v. Farris*, 560 F. App'x 786, 790 (10th Cir. 2014) (citations omitted). To succeed on his habeas claim, Petitioner must show not only that the state court erred, but that "'the alleged error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" *Id.* (citations and internal brackets omitted). Petitioner presented the OCCA with a due

---

[3] Petitioner did not provide this Court with his discharge date for Case No. CRF-86-226, but he informed the OCCA that he discharged in 1996. Doc. 5, Ex. 4, at 8. The undersigned judicially notices that the Oklahoma Department of Corrections shows a discharge year of 1995. *See* Okla. Dep't of Corr., Offender Lookup (last accessed Sept. 10, 2014); http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&dad=portal30&_schema=PORTAL30&doc_num=157509&offender_book_id=57112.

process claim, Doc. 15, Ex. 4, at 8, 10, and the undersigned presumes that the OCCA addressed such a claim on the merits when it denied Petitioner relief. *See Harrington*, 131 S. Ct. at 784-85.

    **2.    Analysis.**

In Oklahoma, a defendant with a prior felony may have his sentence enhanced if he commits "any crime after such conviction within ten (10) years of the date following the completion of the execution of the [prior] sentence." Okla. Stat. tit. 21, § 51.1(A). And, stale felony convictions may be revived for purposes of enhancement if, within ten years after the date of sentence completion, the defendant commits another felony. *See* Okla. Stat. tit. 21, § 51.2; *Nipps v. Oklahoma*, 576 P.2d 310, 311-12 (Okla. Crim. App. 1978); *see also Mansfield v. Champion*, 992 F.2d 1098, 1104 (10th Cir. 1993) (quoting from Okla. Stat. tit. 21, § 51.2's identically worded predecessor, Okla. Stat. tit. 21, § 51A, and noting that when an Oklahoma defendant commits a felony within ten years of a stale conviction, that "non-stale felony operates to revitalize the . . . prior stale conviction[]" (internal brackets omitted)). The revitalized conviction "could thus be so used [for enhancement purposes] in conjunction with a later felony." *Mansfield*, 992 F.2d at 1104.

Petitioner discharged his first case in 1982 – standing alone, it would be too stale to enhance Petitioner's current sentences (based on his August 2004 crimes). But by his own admission, Petitioner was convicted of another felony in 1986 – just four years after discharging Case No. 184-560. Doc. 1, at 12. Petitioner's reoffending within that ten-year window revitalized Case No. 184-560 and was properly used to enhance his current sentences. *See Mansfield*, 992 F.2d at 1104 (holding that petitioner's 1975 felony conviction revitalized his prior 1964 conviction, which had discharged in 1969, and "[t]he 1964 conviction could thus be used in conjunction with a later felony [for enhancement purposes]").

The Court will make quick work of Petitioner's next claim – he discharged his second felony conviction in 1995. But Petitioner was accused of, and ultimately convicted for, committing the underlying crimes in August 2004, within ten years of that date. *See* Okla. Stat. tit. 21, § 51.1(A) (noting that the ten-year date relates to the *commission* of the subsequent felony offense); *see also Mansfield*, 992 F.2d at 1104 n.10 ("The ten-year period runs from the completion of the sentence to the date the subsequent felony is committed."). So, the undersigned agrees that Case No. CRF-86-226 was also properly used to enhance Petitioner's sentences.

The OCCA correctly applied Oklahoma law when it held that the State "was permitted to use" Petitioner's prior felony convictions to enhance his sentences. Doc. 15, Ex. 5, at 8. So, the OCCA reasonably applied federal law in rejecting Petitioner's due process claim. *See Romero v. Janecka*, 209 F. App'x. 746, 748 (10th Cir. 2006) ("Since the sentencing enhancements were authorized under a state law . . . the [state] court did not violate [petitioner's] federal due process rights by applying them.").

### B. Petitioner's claims involving ineffective assistance of trial and appellate counsel.

In related and intertwined arguments, Petitioner also alleges that his trial counsel provided ineffective assistance when he failed to object to the use of the prior felonies for enhancement, and that appellate counsel was ineffective for failing to raise trial counsel's error on direct appeal. Doc. 1, at 5-11. The OCCA did not specifically address Petitioner's ineffective assistance of trial counsel claim, Doc. 15, Ex. 5, at 1-9; however, the undersigned presumes that the appellate court denied it on its merits. *See*

*Harrington*, 131 S. Ct. at 784-85. For the ineffective assistance of appellate counsel claim, the undersigned engages in independent review.[4]

### 1. Clearly established law.

For claims involving ineffective assistance of counsel, the Supreme Court "clearly established" federal law in *Strickland v. Washington*, 466 U.S. 668 (1984). There the Court held that a petitioner must show that the attorney's performance was constitutionally deficient and prejudicial. *Id.* at 690-91; *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that "the proper standard for evaluating [a] claim that appellate counsel was ineffective . . . is that enunciated in *Strickland*"). An attorney's performance is "deficient" only if it falls "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "[P]rejudice" involves "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

---

[4] Petitioner did not allege ineffective assistance of appellate counsel in his post-conviction proceedings. Doc. 15, at Ex. 4. Nevertheless, Respondent did not raise a nonexhaustion defense, electing instead to proceed on the merits. Doc. 15, at 2.

### 2. Analysis.

As discussed above, the trial court properly used Petitioner's prior felonies to enhance his current sentences. Under the circumstances, trial counsel could have reasonably believed that he had no grounds for objection, so the OCCA's rejection of the claim is reasonable under federal law. *See Parker v. Scott*, 394 F.3d 1302, 1322 (10th Cir. 2005) (holding that where trial counsel could have reasonably concluded that the evidence was not objectionable "counsel was not deficient in failing to object").

Similarly, the undersigned finds that appellate counsel was not constitutionally ineffective for failing to raise a meritless ineffective assistance of trial counsel claim on direct appeal. *See Duckett v. Mullin*, 306 F.3d 982, 996 (10th Cir. 2002) ("In order to succeed on his claim that appellate counsel was ineffective [for failing to raise a claim of ineffective assistance of trial counsel, Petitioner] must first demonstrate that he would have been entitled under *Strickland v. Washington*, . . . to relief for the ineffectiveness of trial counsel."); *see also Upchurch v. Bruce*, 33 F.3d 1158, 1164 (10th Cir. 2003) (holding that "'if the [underlying] issue is meritless, its omission [from the direct appeal] will not constitute deficient performance'" (citation omitted)).

## V. Recommended ruling and notice of right to object.

For the reasons discussed above, the undersigned recommends that the Court deny the petition for habeas relief.

The Court advises the parties of their right to object to this report and recommendation by the 30th day of September, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

Entered this 10th day of September, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE